Filed 11/7/22  P. v. Young CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B317740 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA196110) |
| v. | |
| EARL K. YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Earl K. Young, in propria persona; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Earl Young was convicted of murder and attempted premeditated murder, among other convictions, based on his participation in a 1999 home invasion. In 2021, Young asked the trial court to set aside his murder and attempted murder convictions under Penal Code, section 1172.6[1] and to allow him to be present for all further section 1172.6 proceedings.[2] The trial court reviewed Young's record of conviction and determined that, as the actual shooter in the incident, Young had not made the prima facie showing required by section 1172.6. On that basis, the trial court denied Young's section 1172.6 petition, and this appeal followed. Based on our independent review of the record under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), we affirm the trial court's orders.

## BACKGROUND

Earl Young murdered Carlos Amador (by shooting him in the head) and attempted to murder Carlos's brother, Jorge, when Young and a codefendant robbed the Amadors' home on November 13, 1999.[3] (*People v. Young* (Jan. 31, 2005, B168977)

---

[1] "This provision was originally codified as Penal Code section 1170.95 . . . . In the wake of [the Supreme Court's] decision in *People v. Lewis* [(2021) 11 Cal.5th 952], the Legislature amended section 1170.95 to adopt certain of *Lewis*'s holdings. (Stats. 2021, ch. 551, § 1, subd. (b).) The Legislature later renumbered the provision without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)" (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)

[2] Further statutory references are to the Penal Code.

[3] We have used the Amadors' first names for convenience and clarity; we intend no disrespect.

[nonpub. opn.], at p. 3 (*Young I*).) A jury convicted Young of murder, attempted premeditated murder, and multiple counts of robbery and attempted robbery, and found true various allegations of firearm use and special circumstances. (*Id.* at p. 2.)

On Young's direct appeal, we struck a multiple murder special circumstance finding because the trial court declared a mistrial on a second murder count after the jury deadlocked, and we ordered the abstract of judgment to be corrected regarding the sentence on Young's attempted murder and attempted robbery convictions. (*Young I, supra*, B168977, at p. 8.) We affirmed the judgment in all other respects. (*Ibid.*)

In 2021, Young filed a petition for resentencing under section 1172.6 stating that Young had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 effective January 1, 2019, that he was not the actual killer, that he "did not, with the intent to kill, aid, abet . . . or assist the actual killer," that he "was not a major participant in the felony" and that he "did not act with reckless indifference to human life during the course of the crime or felony." Young requested that the trial court appoint counsel for him.

The trial court appointed counsel for Young. The trial court held two hearings regarding Young's section 1172.6 petition. At a hearing on September 24, 2021, the trial court confirmed with counsel for Young that "Mr. Young . . . was found true to have personally fired the shot that killed the individual . . . ." At Young's attorney's request, the trial court granted Young an opportunity to brief whether the trial court

3

was permitted to look beyond the face of Young's section 1172.6 petition to determine whether Young had met his burden of establishing a prima facie claim for relief. Young's counsel also requested the opportunity to brief whether Young was entitled to be present for the section 1172.6 proceedings.

The trial court again called Young's matter for hearing on January 20, 2022. After hearing argument both on a motion to allow Young to be present in court for the section 1172.6 proceedings and on Young's section 1172.6 petition, the trial court denied both. The trial court concluded that the hearing was not a "critical stage of the proceedings," but rather was about "a preliminary legal question of whether or not [Young] is even eligible for the relief he seeks [under section 1172.6] and his presence would not contribute to defending against the charges or fairness of the proceedings." The trial court then explained at length that based on the record of Young's conviction it would deny Young's section 1172.6 petition because he had failed to make the prima facie showing required under section 1172.6. Specifically, the trial court stated: "In this particular case . . . the court is looking at the record of conviction including its prior orders in finding that the defendant here is the actual shooter, and thereby his culpability for the murder still is viable under any of the amendments set forth by Senate Bill 1437, that he had actual malice and that he is ineligible as a matter of law for relief under [1172.6]."

Young filed a timely notice of appeal.

This court entered an order appointing counsel for Young. After examination of the record, counsel filed an opening brief raising no issues and asking this court to follow the procedures

4

set forth in *People v. Wende* (1979) 25 Cal.3d 436.[4]  On July 7, 2022, we sent a letter to Young and his appointed counsel advising Young that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Young immediately.

Young filed a supplemental brief raising two contentions, which we address below.

## DISCUSSION

On this appeal, Young contends that this case "has always been about identification"—that he was not the person who committed the crimes for which he was convicted, and that his conviction resulted from due process violations in the way the police handled his lineup.  Young also argues that the two murder charges—the one for which he was convicted and the one on which the jury deadlocked—should not have been tried together because trying them together "bolstered the prosecution[']s case," presumably leading to Young's convictions on the remaining charges.

The arguments that Young presents in his supplemental brief here are arguments that should have been raised and considered on Young's direct appeal.  Indeed, the first section of the discussion in the opinion on Young's direct appeal deals with his motion to sever the second murder count—for the November

---

[4] Because the appeal before us is not a "first appeal of right from a criminal prosecution" and is, therefore, "not entitled to . . . *Wende* review when appointed counsel finds no arguable issues on appeal," we deem the request to have been made—and conduct our review—pursuant to *Serrano* (2012) 211 Cal.App.4th 496, 501, 503.

5

3, 1999 murder of Manuel Martinez—from the "crimes at the Amador house on November 13." (*Young I*, *supra*, B168977, at p. 4.) On that appeal, we concluded that "there was no 'reasonable probability that the joinder affected the jury's verdicts.'" (*Id.* at p. 6.)

The issues regarding Young's lineup were also dealt with on his direct appeal, albeit in a slightly different context. In advance of his lineup, the trial court ordered Young to shave so that he would appear at his lineup clean shaven. (*Young I*, *supra*, B168977, at p. 6.) Young refused and resisted deputies' attempt to shave him after he violated the trial court's order. (*Ibid.*) In our opinion on Young's direct appeal, we said that "it was reasonable to infer that [Young] attempted to present himself at the lineup with an appearance other than the one that was required by court order and that this conduct was indicative of a consciousness of guilt." (*Young I*, *supra*, B168977, at p. 7.)

Whether the two contentions Young raises here were fully litigated on his direct appeal, they could have been. Those contentions represent an improper collateral attack on the judgment and are generally no longer cognizable. (*In re Robbins* (1998) 18 Cal.4th 770, 814, fn. 34.)

We are satisfied that Young's counsel complied with the responsibilities *Serrano*, *supra*, 211 Cal.App.4th 496 imposes. Additionally, we have considered and rejected the contentions Young raises in his supplemental brief, and have reviewed the entire record and found no arguable issues. We affirm the trial court's orders.

**DISPOSITION**

The trial court's orders are affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7